**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Arizona Integrated Telepsychiatry and Telemedicine Services LLC, *et al.*,

Plaintiffs,

v.

Arizona Health Care Cost Containment System, *et al.*,

Defendants.

No. CV-25-01525-PHX-JJT

**ORDER**

At issue is Defendant Arizona Health Care Cost Containment System's ("AHCCCS") Motion to Dismiss (Doc. 8, MTD), to which Plaintiffs Arizona Integrated Telepsychiatry and Telemedicine Services, LLC ("AZITTS") and John Kamau filed a Response (Doc. 16, Resp.) and AHCCCS filed a Reply (Doc. 20, Reply). For the reasons set forth below, the Court grants in part and denies in part AHCCCS's Motion.

**I.    BACKGROUND[1]**

Plaintiffs provide psychiatric telemedicine services in Mesa, Arizona. (Compl. ¶ 1.) In or around 2018, Mr. Kamau noticed medical billing irregularities by a healthcare investment group that leased office space in the same building as Plaintiffs. (*Id*. ¶¶ 8–10.) Suspicious that the investment group was committing billing fraud, Mr. Kamau reported the irregularities to the FBI and AHCCCS. (*Id*. ¶ 9.)

---

[1] The following facts are uncontested or—to the extent they are contested—are drawn from Plaintiffs' Complaint (Doc. 1, Compl.) and are taken as true and construed in the light most favorable to Plaintiffs. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

In May 2020, Mr. Kamau attended a meeting at AHCCCS headquarters where he was detained and questioned by agents. (*Id*. ¶ 12.) A few months later, agents raided Plaintiffs' facility and seized computers and papers. (*Id*.) Plaintiffs were ultimately cleared from any suspected involvement in fraudulent activities. (*Id*. ¶ 13.) As a result of AHCCCS's failure to timely investigate Mr. Kamau's reports of fraud, "billions of taxpayer dollars [were] stolen." (*Id*.)

In September 2023, AHCCCS "suddenly stopped paying valid claims submitted by AZITTS," and Plaintiffs began laying off employees and falling behind on financial obligations. (*Id*. ¶ 14.) In December 2024, an independent class action was filed against AHCCCS and clearly named Mr. Kamau as "the whistleblower." (*Id*.) Plaintiffs assert that AHCCCS's nonpayment of their claims was in retaliation for Mr. Kamau exposing the agency's failure to investigate his earlier complaints of fraud. (*Id*. ¶¶ 15–16.)

Plaintiffs sue AHCCCS on the following claims: (1) violation of the False Claims Act ("FCA") in *qui tam*; (2) retaliation against Plaintiffs in violation of the FCA; (3) violation of procedural due process rights; (4) violation of substantive due process rights; and (5) injunctive relief. (*Id*. ¶¶ 17–46.)

## II.    LEGAL STANDARD

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for failure to state a claim, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins*, 568 F.3d at 1067. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation modified). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679–80. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citation modified).

## III.   ANALYSIS

### a.   Violation of FCA in *Qui Tam*

The FCA prohibits any "person" from knowingly presenting a false or fraudulent claim to the federal government. 31 U.S.C. § 3729(a)(1). The statute's *qui tam* provision allows a private party—often called a "relator"—to file suit for a violation of the FCA in the name of the government. 31 U.S.C. § 3730(b)(1). "It is commonly recognized that the central purpose of the *qui tam* provisions of the FCA is to set up incentives to supplement government enforcement of the Act by encouraging insiders privy to a fraud on the government to blow the whistle on the crime." *United States ex rel. Green v. Northrop Corp.*, 59 F.3d 953, 963 (9th Cir. 1995) "The Government may choose to take over the litigation, but the relator otherwise has the right to conduct the action alone." *Am. Bankers Mgmt. Co. v. Heryford*, 885 F.3d 629, 634 (9th Cir. 2018) (citation modified).

AHCCCS argues, and Plaintiffs concede, that the FCA claim fails because AHCCCS, as a state agency, is not a "person" under the FCA. (MTD at 3–4; Resp. at 2).[2]

---

[2] This is, after all, a clearly established legal principle in the Ninth Circuit. *See, e.g.*, *Stoner v. Santa Clara Cnty. Office of Ed.*, 502 F.3d 1116, 1120 (9th Cir. 2007).

This pleading defect, then, is fatal to Plaintiffs' *qui tam* claim. The Court, with the Government's consent pursuant to § 3730(b)(1) (Doc. 22), dismisses this claim.

In the Ninth Circuit, courts freely grant leave to amend a pleading when justice so requires. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Leave must be granted after a pleading is dismissed "if it appears at all possible that the plaintiff can correct the defect." *Id.* (citation modified). Here, amendment of Count One would be futile as no amount of pleading would cure the defect that AHCCCS is not a "person" within the scope of the FCA, so no leave will be granted.

### b.    Retaliation Under the FCA

The FCA provides protections to employees, contractors, or agents who either attempted to stop a violation of the FCA or furthered an action under the FCA against his or her principal and was consequently discriminated against "in the terms and conditions of employment." 31 U.S.C. § 3730(h).

AHCCCS argues that it does not employ Plaintiffs, so they cannot seek the statute's protections. (MTD at 4.) In response, Plaintiffs contend that the "FCA retaliation protections broadly [] extend to contractors and agents."[3] (Resp. at 3.) Even so, Plaintiffs do not allege that they are employees, contractors or agents of AHCCCS or plead any facts to allow for that inference, so they do not fall within the class for whom the FCA's retaliation protection apply. It is possible, though, that Plaintiffs can cure this specific pleading defect by alleging additional facts. *See Lopez*, 203 F.3d at 1130. Accordingly, the Court grants Plaintiffs leave to amend Count Two.

### c.    Section 1983 Claims

Plaintiffs' third and fourth claims arise under 42 U.S.C. § 1983 of the Civil Rights Act of 1871 and allege that AHCCCS violated their substantive and procedural due process rights by "withholding" payment of Plaintiffs' claims. (Compl. ¶¶ 34–40.) Plaintiffs also

---

[3] Plaintiffs cite *United States ex. Rel Guzman v. Insys Therapeutic, Inc.*, No. 213CV05861JLSAJW, 2021 WL 4306020, at *3 (C.D. Cal. May 19, 2021), but that case concerned an entirely different aspect of the FCA. Plaintiffs also incorrectly cited the court, year, and reporter, *see People v. Carramusa*, No. D073484, 2019 WL 1034229 (Cal. App. Mar. 5, 2019) (a California state criminal appeal), leading this Court to devote its time and resources to locate the correct case that Plaintiffs relied upon.

briefly allege that their Thirteenth Amendment rights were violated by AHCCCS requiring Plaintiffs to "continue providing services" to AHCCCS members. (*Id.* ¶ 39.)

AHCCCS argue that these claims must be dismissed because Plaintiffs failed to exhaust administrative remedies[4] for the denial of claim payment. (MTD at 5–6.) Administrative exhaustion may be a prerequisite for some federal claims, but it is not for § 1983 claims. *Knick v. Twp. of Scott*, 588 U.S. 180, 185 (2019) ("[T]he settled rule is that exhaustion of state remedies is not a prerequisite to an action under 42 U.S.C. § 1983.") (citation modified); *Patsy v. Bd. of Regents*, 457 U.S. 496, 500 (1982) ("[W]e have on numerous occasions rejected the argument that a § 1983 action should be dismissed where the plaintiff has not exhausted state administrative remedies."); *see Williams v. Reed*, 604 U.S. 168, 174 (2025).

AHCCCS cites various cases in support of imposing the exhaustion requirement here. (MTD at 5.) But these cases are inapposite: none of them concerned § 1983 claims. *See Mich. Ass'n of Homes & Servs. for the Aging v. Shalala*, 127 F.3d 496 (6th Cir. 1997) (constitutional challenge to administrative regulations); *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667 (1986) (same); *Samaritan Health Sys. v. Ariz. Health Care Cost Containment Sys. Admin.*, 11 P.3d 1072 (Ariz. App. 2000) (same); *FTC v. Standard Oil Co.*, 449 U.S. 232 (1980) (violations of the Federal Trade Commission Act); *Phx. Children's Hosp. v. Ariz. Health Care Cost Containment Sys. Admin.*, 987 P.2d 763 (Ariz. App. 1999) (constitutional challenge to an unpromulgated administrative rule). Accordingly, the Court declines to dismiss Counts Three and Four for lack of administrative exhaustion.

Next, AHCCCS argues that "Plaintiffs cannot show a deprivation of procedural or substantive due process unless and until their administrative remedies are exhausted and a final decision issued." (MTD at 6.) Whether Plaintiffs can ultimately prove their claims, however, is not the correct standard at this stage of the proceedings.[5] Rather, the standard

---

[4] According to AHCCCS, the Arizona legislature has established an administrative procedure for disputes regarding AHCCCS's non-payment for services. (*See* MTD at 5.)
[5] It is possible that one or more of Plaintiffs' § 1983 claims may ultimately be premature if they failed to use an available administrative process to address their grievances. For

is whether Plaintiffs sufficiently state a claim based on a cognizable legal theory when taking the well-pled factual allegations as true and construing them in the light most favorable to Plaintiffs. Because AHCCCS advances no other arguments that the § 1983 claims or facts supporting those claims are insufficiently pled, those claims survive.

### d.    Injunctive Relief

Styled as their fifth claim, Plaintiffs assert that they are entitled to injunctive relief. (Compl. ¶¶ 41–46.) Even if they are, "[i]njunctive relief is a remedy, not an independent cause of action," *Long v. JP Morgan Chase Bank*, 848 F. Supp. 2d 1166, 1180 (D. Haw. 2012) (citation modified), and "a separately pled claim or cause of action for injunctive relief is inappropriate," *Jensen v. Quality Loan Serv. Corp*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010). The Court dismisses this claim with prejudice. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.") (citation modified).

### e.    *Monell* Claims

Plaintiffs request that they "should be granted leave to amend to enhance *Monell* allegations showing AHCCCS maintained official policies and practices resulting in systemic constitutional violations." (Resp. at 4.) Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely granted "when justice so requires." But, as AHCCCS points out (Reply at 5), Plaintiffs' request is procedurally deficient. Plaintiffs fail to attach a copy of the proposed amendment as required by Local Rule 15.1(a). Accordingly, the Court denies Plaintiffs' request to amend their pleading to "enhance" potential *Monell* claims.

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendant's Motion to Dismiss (Doc. 8).

instance, "a procedural due process claim is not complete when the deprivation occurs. Rather, the claim is complete only when the State fails to provide due process." *See Williams*, 604 U.S. at 176 n.4 (noting that "a plaintiff who asserts a due process claim without exhausting will usually lose because of the requirement that the challenged procedural deprivation must have already occurred"). But the Court need not address the merits of Plaintiffs' due process claims now.

**IT IS FURTHER ORDERED** dismissing Counts One, Two, and Five of Plaintiffs' Complaint for Violation of 31 U.S.C. §§ 3729–3733; 42 U.S.C. § 1983; Declaratory Relief; and Injunctive Relief (Doc. 1).

**IT IS FURTHER ORDERED** that, no later than fourteen days from the date of this Order, Plaintiffs may file an amended pleading that cures only the defects identified in Count Two. Should Plaintiffs desire to add other claims or parties, they shall separately move the Court for leave to do so and abide by the requirements of Federal Rule of Civil Procedure 15 and Local Rule 15.1.

Dated this 2nd day of March, 2026.

_____
Honorable John J. Tuchi
United States District Judge