**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Integrated Telepsychiatry and Telemedicine Services LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Arizona Health Care Cost Containment System, *et al.*,<br><br>Defendants. | No. CV-25-01525-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiffs Arizona Integrated Telepsychiatry and Telemedicine Services, LLC ("AZITTS") and John Kamau's (collectively, "Plaintiffs") Expedited Motion for Additional Thirty (30) Days for Plaintiffs to Retain New Legal Counsel (Doc. 33, "Motion"). For the reasons set forth below, the Court will grant the Motion.

On August 3, 2026, Plaintiffs filed a Notice of Death of Plaintiffs' Sole Legal Counsel and Motional for Stay and Sixty-Day Extension of Time for Plaintiffs to Retain New Legal Counsel (Doc. 29). The Court subsequently granted the Stay and Extension and gave Plaintiffs until October 2, 2026 to notify the Court of new counsel (Doc. 32). Having not yet notified the Court of new counsel despite apparent efforts to find a new attorney, Plaintiffs now seek an additional thirty days to retain new counsel (Motion at 2).

Seeing as Mr. Kamau appears to be making diligent efforts at retaining new counsel, the Court is inclined to permit the extension. (Motion at 2.) However, Mr. Kamau is warned that this is the *last* extension the Court will grant him. If Mr. Kamau does not notify

the Court of new counsel by November 5, 2026, Mr. Kamau risks his case being dismissed. Fed. R. Civ. P. 41(b).

Further, while Mr. Kamau is permitted to represent himself *pro se*, a corporate entity may appear in federal court only through licensed counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194 (1993); *see also Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); 28 U.S.C. § 1654. This remains true even when the individual seeking to represent the corporation is the president and sole shareholder of the entity. *See D–Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004). Thus, if Mr. Kamau seeks to proceed *pro se*, he may only represent himself and will not be permitted to prosecute the case on behalf of AZITTS.

**IT IS THEREFORE ORDERED** granting Plaintiffs' Expedited Motion for Additional Thirty (30) Days for Plaintiffs to Retain New Legal Counsel (Doc. 33). Plaintiffs have until **November 5, 2026** to notify the Court of new counsel.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate on the docket counsel for Plaintiff Kamau, who now proceeds *pro se*.

**IT IS FURTHER ORDERED** directing the Clerk of Court to deliver notice of this Order to Plaintiffs at the following address:

2950 E. Latham Way
Gilbert, Arizona 85297

Dated this 6th day of October, 2026.

Honorable John J. Tuchi
United States District Judge